IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

ERIC CHRISTIAN, SR.  as Administrator )
of the ESTATE OF: )
 )     ACTION TO QUIET TITLE
JAMES GEORGE SEWER, et al. )
 )     PROBATE  NO. 398/1980
v. )
 )
ALL PERSONS CLAIMING ANY RIGHT, )     APPLICATION FOR
TITLE OR INTEREST IN ALL PROPERTIES )    ATTORNEY'S FEES AND
KNOWN AND DESCRIBED AS: )     COSTS BY THE HEIRS OF
 )     AMOS SULLIVAN
ALL PROPERTIES KNOWN AS NEWFOUND )
BAY INCLUDING BUT NOT LIMITED TO 9A)
9D AND 9G NEWFOUND BAY, NEWFOUND )
BAY NO. 1, NEWFOUND BAY NO. 2 )
EXCEPTING ONLY 9C NEWFOUND BAY )
EAST END QUARTER, ST. JOHN, V.I. )
 )
BLACK ROCK, NO. 6R ESTATE HANSEN )
BAY, EAST END QUARTER, ST. JOHN V.I. )
 )
JOHN GEORGE, PARCEL OF ROBERT )
AVISON, NO. 6Q  ESTATE HANSEN BAY, )
EAST END QUARTER, ST. JOHN V.I. )
 )
CHRISTIAN HUGHES, LONGBAY NO. 2, )
EAST END QUARTER, ST. JOHN V.I. )
 )
7A  HANSEN BAY, EAST END QUARTER, )
 ST. JOHN V.I. )
 )
Defendants. )
_____)

## OPINION

The Heirs of Amos Sullivan through their attorney, Desmond L. Maynard, Esq.

pursuant to Title 5 Sections  541 and 534 of the Virgin Islands Code, seek an award

of such sums as the Court, in its discretion, determines proper in order to indemnify them

for costs and attorney's fees incurred in litigating certain issues under the Consent

Judgment designated herein as Exhibit 1.  Reference will be made specifically to the

applicable provisions of that Consent Judgement.

## I.  BACKGROUND

The factual background to this action is complex and, to a large extent, not relevant

in deciding the motion before the court.  To provide a degree of context, the court will

summarize the matter's most salient features.

On December 1, 1993, the above captioned case was set for trial to determine the

property rights of all claimants who had asserted an interest in certain parcels of land on

the east end of St. John, U.S. Virgin Islands.  Instead of proceeding to trial, the parties

agreed to settle the matter and stipulated to a judgment by consent.  The court endorsed

the consent decree on June 2, 1994 and entered an appropriate order which, *inter alia*,

maintained this court's jurisdiction to enforce the terms of the consent judgment.

## II.  DISCUSSION

A.  Legal Principles Governing Consent Judgment.

A consent decree - a particular term of settlement - carries the same presumption of

finality. *Newark Branch, NAACP v. Township of West Orange,* 786 F.Supp. 408, 422

(D.N.J.1992) (citations omitted).  Moreover, consent decrees are judgments; thus they are

judicial acts, but also documents with attributes of a contract.  *Fox v. United States Dep't of*

*Hous. & Urban Dev.*, 680 F.2d 315, 319 (3d Cir.1982).  In that sense, the parties to a consent

decree are presumed to have made a conscious, informed decision to settle their claims. In

2

other, oft-quoted words, the signatories to a consent decree make "a free, calculated and deliberate choice to submit to an agreed upon decree rather than seek a more favorable litigated judgement." Id. at 322 (citation omitted); *Delaware Valley Citizens, Council Forcean Dir. v. Pennsylvania.*

### B. Consent Judgment

Title to the following property was awarded to and confirmed in the party name as sole and separate property, free and clear of any and all claims, clouds on title or incumberences except as expressly set forth;

1. <u>John George, Parcel of Robert Avison, No. 6Q Estate Hansen Bay, East End Quarter, St. John, Virgin Island;</u>

Title to the 3 sections of the parcel was awarded to the following parties in the following proportions:

a. Defendants, <u>Heirs of Amos Sullivan,</u> consisting of Eulalie Constantia Sullivan George Brown, Randolph Sullivan, Wendell Sullivan (deceased), Lionel Sullivan, Edwin Sullivan, Ethlyn Sullivan Frazer Wattley, Alfred Sullivan and Harold Sullivan (deceased), hereinafter jointly referred to as the "Heirs of Amos Sullivan", was awarded 3/4 of an acre together with a one half interest in the half acre portion called "John George", and a one third interest in the remaining 1 3/4 acre portion;

b. Defendant, <u>Estate of Bernard Williams</u>, was awarded a 1/4 interest in the half acre portion called "John George" and a one third interest in the remaining 1 3/4 acre portion;

c. Defendant, <u>Irvin Sewer for the Heirs of Martin Sewer</u>, was awarded a 1/4 interest

in the half acre portion called "John George" and a one third interest in the

remaining 1 3/4 acre portion.

This parcel was to be surveyed with the survey being subject to the mutual

approval of the defendants who were awarded title thereto under this judgment,

prior to recording.[1] Defendants taking title to this parcel were to be responsible

for the costs of this survey, in the same proportions in which they take title.

Any and all claims of Plaintiffs or any other party in this action to any interest in

this parcel were dismissed with prejudice.

2. **Parcel 6R Hansen Bay, East End Quarter, St. John, Virgin Islands, also sometimes known as "Black Rock",** was divided into 3 sections, and awarded to the following parties:

   a. Heirs of Amos Sullivan, an undivided one-half interest.

   b. Estate of Bernard Williams, an undivided one-quarter interest.

   c. Irwin Sewer for the Heirs of Martin Sewer, an undivided one-quarter interest.

Any and all claims of Plaintiffs or any other party in this action to any interest in this

parcel are dismissed with prejudice.

3. The final paragraph of the Consent Judgment on page 14 provides, "All property

awarded by this judgment to the Heirs of Amos Sullivan shall also be subject to a lien,

paramount to all others, in favor of Desmond Maynard, for all unpaid legal services

rendered in this action to represent and protect the interests of the heirs of Amos Sullivan.

The amount of the lien for legal services shall be fixed by the court upon submission of an

attorney's certificate, and shall include full compensation for all time devoted to the

action."

---

[1] See order dated June 14, 2005 accepting the Report and Recommendation of Magistrate Judge Geoffrey Barnard. Irvin Sewer did not file an appeal from this order.

4. "All parties to this action shall execute any documents or stipulations necessary to carry out the effect hereof.  Except as expressly set forth in this judgment, all claims by the parties hereto are dismissed with prejudice.  **All parties shall bear their own costs and attorney's fees** (emphasis supplied).  The Court will maintain continuing jurisdiction to enforce the terms of this judgment."

## C. DECISION

The answer to the motion for attorney fees and costs of Desmond Maynard, Esq., is found within the Consent Judgement in the last paragraph on page number 17, which reads in part, "**All parties shall bear their own costs and attorney fees.**"[2]

The Motion of the Heirs of Amos Sullivan seeking indemnification for the cost and attorney fees incurred by Desmond Maynard, Esq., is hereby DENIED.

The Court will enter an appropriate order on this date.


_____
**Honorable Stanley S. Brotman**
**United States District Court**
**Sitting by Designation**

Dated: November 23, 2010

_____

[2]The Consent Judgment on page 14 provides that "All property awarded by this judgment to the Heirs of Amos Sullivan shall also be subject to a lien, paramount to all others, in favor of Desmond Maynard, for all unpaid legal services rendered in this action to represent and protect the interests of the heirs of Amos Sullivan."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of November, 2010, the foregoing Opinion was mailed, postage prepaid to:

Irvin S. Sewer
Heirs of the Estate of Charles Martin
Sewer a/k/a Martin Sewer
P.O. Box 131
St. Thomas, V.I. 00804-0131


Cedrick Lewis
Post office Box 303142
St. Thomas, U.S.V.I. 00803-3142


Vincent A. Fuller, Jr., Esq.
Heirs of the Estate of Bernard Williams
Law Officers of Vincent A. Fuller, Jr.
P.O. Box 30300
St. Thomas, V.I. 00803-3300


Desmond Maynard, Esq.
Post Office Box 8385
St. Thomas, U.S.V.I. 00801-8388


Wilfredo Morales
Clerk of the Court



Honorable Stanley S. Brotman, USDJ
Temporarily Designated

<u>EXHIBIT 1</u>

IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN



| | | |
|---|---|---|
| ERIC CHRISTIAN, SR. as Administrator<br>of THE ESTATES OF:<br><br>JAMES GEORGE SEWER, et al.<br><br>v.<br><br>ALL PERSONS CLAIMING ANY RIGHT, TITLE<br>OR INTEREST IN ALL PROPERTIES KNOWN AND<br>DESCRIBED AS:<br><br>ALL PROPERTIES KNOWN AS NEWFOUND BAY<br>INCLUDING BUT NOT LIMITED TO 9A, 9D AND<br>9G NEWFOUND BAY, NEWFOUND BAY NO. 1,<br>NEWFOUND BAY NO. 2 EXCEPTING ONLY 9C<br>NEWFOUND BAY EAST END QUARTER, ST. JOHN,<br>V.I.<br><br>BLACK ROCK, NO. 6R ESTATE HANSEN BAY,<br>EAST END QUARTER, ST. JOHN, V.I.<br><br>JOHN GEORGE, PARCEL OF ROBERT AVISON,<br>NO. 6Q ESTATE HANSEN BAY, EAST END<br>QUARTER, ST. JOHN, V.I.<br><br>CHRISTIAN HUGHES, LONGBAY NO. 2, EAST<br>END QUARTER, ST. JOHN, V.I.<br><br>7A HANSEN BAY, EAST END QUARTER, ST.<br>JOHN, V.I.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | ACTION TO QUIET TITLE<br><br>PROBATE NO. 398/1980 |

<u>CONSENT JUDGMENT</u>

The above captioned matter having come on for trial on December 1, 1993, and the parties, who include all claimants to the above-captioned parcels of land except defendant Newfound Corporation, having stipulated on the record to the entry of a Judgment in the following form, and the court being duly satisfied in the premises, it is hereby

ORDERED, ADJUDGED and DECREED that:

Title to the following property is awarded to and confirmed in the parties named, as their sole and separate property, free and clear of any and all claims, clouds on title, or encumbrances, except as expressly hereafter set forth.

Parcel 6Q Hansen Bay, East End Quarter, St. John, Virgin Islands, also known as "Robert Avison", is to be divided into 3 sections. Within the confines of this parcel, there are reportedly several graves associated with ancestors of the Defendants and ancestors of the Plaintiffs. The gravesite, reportedly consisting of the graves of the Plaintiffs' ancestors - Richard Sewer, his wife Charlotte Small, and their young child - shall hereinafter be referred to as "Richard Sewer's Gravesite". The Richard Sewer Gravesite shall consist of an area no larger than ninety (90) square feet, and shall be preserved for the Plaintiffs; but no construction shall be allowed on the Richard Sewer Gravesite which shall be maintained in its present state. The Plaintiffs shall be granted an easement of access to the Richard Sewer Gravesite over a reasonable path to be designated by the Defendants to whom title to this parcel is awarded under this judgment. If the owners of the property upon which the Richard Sewer Gravesite is located subsequently construct a road that provides access to the Richard Sewer Gravesite, the Plaintiffs may then have access over said road in lieu of the originally designated path. Title to the 3 sections of the parcel shall be awarded to the following parties in the following proportions:  to defendants, Heirs of Amos Sullivans, consisting of Eulalie Constantia Sullivan George Brown, Randolph

2

Sullivan, Wendell Sullivan (deceased), Lionel Sullivan, Edwin Sullivan, Ethlyn Sullivan Frazer Wattley, Alfred Sullivan and Harold Sullivan (deceased), hereinafter jointly referred to as the "Heirs of Amos Sullivan", is awarded 3/4 of an acre together with a one half interest in the half acre portion called "John George", and a one third interest in the remaining 1 3/4 acre portion;  to defendant, Estate of Bernard Williams, is awarded a 1/4 interest in the half acre portion called "John George" and a one third interest in the remaining 1 3/4 acre portion; to defendant, Irvin Sewer for the Heirs of Martin Sewer, is awarded a 1/4 interest in the half acre portion called "John George" and a one third interest in the remaining 1 3/4 acre portion.  This parcel shall be surveyed and the survey shall be subject to the mutual approval of the defendants who are awarded title thereto under this judgment, prior to recording.  Defendants taking title to this parcel shall be responsible for the costs of this survey, in the same proportions in which they take title. Any and all claims of Plaintiffs or any other party in this action to any interest in this parcel are dismissed with prejudice.

Parcel 6R Hansen Bay, East End Quarter, St. John, Virgin Islands, also sometimes known as "Black Rock", consisting of 7.5 acres, more or less, as shown on survey No. D9-1076-T72 by Louis Harrigan, is to be divided into 3 sections, to be awarded to the following parties.  To defendants, Heirs of Amos Sullivan, an undivided one-half interest; to the defendant, Estate of Bernard Williams, an undivided one-quarter interest; to the defendant,

3

Irvin Sewer for the Heirs of Martin Sewer, an undivided one-quarter interest. Any and all claims of Plaintiffs or any other party in this action to any interest in this parcel are dismissed with prejudice.

Parcel 7A East End, East End Quarter, St. John, Virgin Islands, consisting of 3.873 acres, more or less, as shown on as shown on survey titled "Parcels No. 6R, 7A Estates Black Rock & Hansen Bay Respectively, No. 6r & 6a East End Quarter Respectively, St. John, Virgin Islands", D9-4171-T87, by Leonard N.A. Lawrence, dated 7/31/79, being the same area awarded by the District Court to the Plaintiffs in the action captioned George v. Christian, Civil No. 272/1972, is to be divided into two sections, and awarded to the following parties. To defendant, Irvin Sewer for the heirs of Martin Sewer, a one-half interest to be surveyed by a mutually acceptable surveyor for partition from the remaining one-half interest in the parcel, which is awarded to the defendant, Estate of Bernard Williams. Any and all claims of any other party in this action to any interest in this parcel are dismissed with prejudice. The parties to take title to this parcel shall bear equally the costs of surveying the parcel for purposes of subdivision.

Parcel 9q Newfound Bay, East End Quarter, St. John, Virgin Islands, consisting of 10 acres, is awarded to the Plaintiffs. This parcel shall be surveyed at a location abutting the beach at Newfound Bay, St. John, and the survey shall require the mutual approval of the Plaintiffs and defendants who are awarded title to portions Parcel 9A Newfound Bay under this judgment, prior to

4

recording. Plaintiffs shall be responsible for the costs of this survey. Any and all claims of any other party in this action to any interest in this parcel are dismissed with prejudice.

Parcel 9d Newfound Bay, East End Quarter, St. John, Virgin Islands, consisting of 4 acres, is awarded to Defendant, Irvin Sewer for the Heirs of Martin Sewer.  This parcel shall be surveyed at a location on the north-western point of Newfound Bay where it abuts Saba Bay, St. John, to the east of the old wire fence line that will be resurveyed as the boundary between Saba Bay and Newfound Bay, and the survey shall be subject to the mutual approval of the defendant, Irvin Sewer for the Heirs of Martin Sewer, Plaintiffs and defendant Estate of Bernard Williams, who are awarded title to portions of the surrounding Parcel 9A Newfound Bay under this judgment, prior to recording.  Defendant, Irvin Sewer for the Heirs of Martin Sewer, shall be responsible for the costs of this survey. Any and all claims of any other party in this action to any interest in this parcel are dismissed with prejudice. Nothing contained in this judgment shall be construed to adopt or endorse any position on the historical accuracy of the location of the parcel described in this paragraph, the size, location, and parcel number having been agreed upon by the parties to this litigation as a compromise of a dispute.

9c Estate Newfound Bay, East End Quarter, St. John, title to which was not contested, is confirmed in its owner of record, Benjamin O'Neal, or his heirs.  That parcel, consisting of 2 acres, shall be surveyed, if not already subject to a duly recorded survey

5

at the Department of Planning and Natural Resources, and placed at a location near the top of the hill, in the approximate location shown on the composite map of a portion of East End, St. John, by Marvin Berning, Dwg. No. 409, and the survey shall be subject to the mutual approval of the Plaintiffs, the defendant, Irvin Sewer for the Heirs of Martin Sewer, and defendant Estate of Bernard Williams, who are awarded title to portions of the surrounding Parcel 9a Newfound Bay under this judgment, prior to recording. If the owners of record of Parcel 9c cannot or will not pay the cost of surveying such parcel, the cost of surveying Parcel 9c shall be born by the Plaintiffs, the defendant Estate of Bernard Williams, and the defendant, Irvin Sewer for the Estate of Martin Sewer, in the same percentage proportions as they take title to the surrounding Parcel 9a, to wit, 60% Plaintiffs and 40% for the named defendants jointly. In the event that the parties to this action are forced to incur the cost of surveying of this parcel, title thereto in the owners of record shall be subject to a lien in favor of such parties for the amount of such surveying cost.

Title to Parcel 9a Newfound Bay, East End Quarter, St. John, (remainder after survey of the parcels of Newfound Bay described previously in this judgment), is to be divided into two sections, and awarded to the following parties. To the Plaintiffs, an area consisting of 25 acres to be surveyed for partition from the remainder of the parcel; To the defendants, Estate of Bernard Williams and Irvin Sewer for the Heirs of Martin Sewer, in equal shares as undivided tenants in common, an area consisting of 17

6

acres to be surveyed for partition from the remainder of the parcel. The area awarded to the Plaintiffs shall be drawn beginning at the easternmost point of Parcel 9a Newfound Bay closest to the pond, as shown on survey titled "Parcel No. 9A, Newfound Bay No. 2, No. 6 East End Quarter, St. John, Virgin Islands", by Leonard N. A. Lawrence, surveyor, dated 7/31/79, D9-4171-T87 and extending westward to the Newfound Bay trail which bisects the parcel to the extent required to create a 25 acre parcel, but excluding the area of Parcels 9g and 9c. The area awarded to the defendants shall be drawn beginning at the Newfound Bay Trail which runs downhill to the beach and bisects the parcel and continuing westward to the westernmost boundary of Parcel 9a Newfound Bay, after adjustment of the western boundary to reflect the award made hereafter regarding Parcel No. 8 Saba Bay, continuing to the extent required to create a 17 acre parcel, but excluding the area of Parcels 9c, 9d and 9g. In the event that the Plaintiffs' 25 acres extend beyond the trail, the necessary additional acreage to total 25 acres shall be designated on the other side the of trail, and in the event that the Defendants' 17 acres extends beyond the trail, the necessary additional acreage to total 17 acres shall be designated on the other side of the trail, the object being to preserve the historical use of the trail as the access to Newfound Bay. If, following the surveys as aforesaid, there are found in excess of a total of 43 acres in the 9a Newfound Bay remainder, all acreage in excess of 43 up to a total of 48 acres, shall be awarded to defendants Estate of Williams and Irvin

~7

Sewer for the Heirs of Martin Sewer, in equal shares. If there are found in excess of 48 acres in the 9a Newfound Bay remainder, all acreage in excess of 48 acres, shall be awarded one-half to Plaintiffs and one-half to defendants Estate of Williams and Irvin Sewer for the Heirs of Martin Sewer as tenants in common. Any such excess acreage shall be added to the acreage awarded previously in this paragraph, and shall be so surveyed as to be contiguous with such acreage, so that the total award to Plaintiffs from this remainder parcel, and the total award to the named Defendants from the remainder parcel, shall consist of wholly contiguous areas. Any deficiency in acreage in the area to be subdivided as aforesaid, below a total of 42 acres, shall be subtracted proportionately consistent with the 60%/40% split from the areas to be conveyed to each of the parties hereunder. In addition, Plaintiffs shall designate within the area of 9a Newfound Bay to be awarded to them under the foregoing partition, an area of 4.137 acres which shall be separately surveyed and awarded to the Defendants, Estate of Bernard Williams and Irvin Sewer for the Heirs of Martin Sewer, in equal shares as undivided tenants in common, in lieu of the missing portion of parcel 7A East End which Plaintiffs were to convey to said defendants under the original settlement in this action. This designation by Plaintiffs shall be made within one year from the date of this judgment; and the preparation of a survey of such area shall by that date be prepared and delivered to the Defendants, Williams and Sewer. Any and all claims of any other party in this action to any interest in this parcel are dismissed with prejudice.

The parties to take title to this remainder parcel shall bear equally the costs of surveying the parcel for purposes of subdivision, or shall each pay the costs of all surveying related to the parcels awarded to them hereunder, as the case may be. The survey of the parcel shall be performed by a mutually acceptable surveyor, and the resulting survey or surveys shall be mutually acceptable to each of the parties to take title to an interest in parcel 9a, and no survey shall be recorded for such parcel which is not accompanied by written confirmation of the approval of each of the parties to which title to such parcel is hereby awarded.

Parcel No. 8 Saba Bay, East End Quarter, St. John, Virgin Islands, insofar as title to that parcel is involved in the claims to Newfound Bay or Newfound Bay No. 2, is awarded to Defendant, Wilmar Corporation. The correct boundary between 8 Saba Bay and Parcels 9d and 9a Newfound Bay shall be placed by survey to correspond to the old wire fences leading up to the ridge, commencing near the point between Saba Bay and Newfound Bay. To the extent that such wire fences may not be entirely continuous, the survey shall create a line which connects the remnants of such fences, and continues to the top of the ridge above the same, from there to connect with the existing southernmost boundary of 8 Saba Bay. Wilmar Corporation shall be responsible for all surveying costs associated with this boundary correction. Any and all claims of any other party in this action to any interest in this parcel are dismissed with prejudice, and all surveys, including without limitation D9-1077-T72, which purport to establish the boundary for

9a Newfound Bay within the above-described area of 8 Saba Bay, or west of the wire fences, are void and of no further force or effect.

Parcel 6p Hansen Bay, East End Quarter, St. John, Virgin Islands, sometimes known as Long Bay #2, and referred to in the complaint as "Christian Hughes", consisting of 4 acres as recorded, is awarded to the defendants, Estate of Bernard Williams and Irvin Sewer for the Heirs of Martin Sewer. This parcel shall be surveyed and the survey shall be subject to the mutual approval of the defendants who are awarded title thereto under this judgment, prior to recording. Defendants taking title to this parcel shall be responsible for the costs of this survey. The parties to take title to this parcel shall bear equally the costs of surveying the parcel. Any and all claims of any other party in this action to any interest in this parcel are dismissed with prejudice, except those claims of Newfound that are severed pursuant to this judgment and are to be litigated in the action hereinafter referenced. Nothing contained in this judgment shall be construed to adopt or endorse any purported dividing line between the lands of the George Family and the Sewer Family under the Agreement of 1894, nor to adopt or endorse any position on the historical accuracy of the location of the parcel described in this paragraph, or any previously prepared survey purporting to describe parcel 6p Hansen Bay.

Parcel 7A Hansen Bay, East End Quarter, St. John, Virgin

10

Islands, is awarded to defendants, Newfound Corporation, Estate of Bernard Williams, and Irvin Sewer, individually, and all of Plaintiffs' right, title and interest in such parcel is awarded jointly to Estate of Bernard Williams and Irvin Sewer, individually. Any and all claims of any other party in this action to any interest in this parcel are dismissed with prejudice, except those claims of Newfound that are severed pursuant to this judgment and are to be litigated in the action hereinafter referenced. This parcel shall be surveyed and the survey shall be subject to the mutual approval of the defendants who are awarded title thereto under this judgment, prior to recording. Defendants taking title to this parcel shall be responsible for the costs of this survey in the same proportions in which they take title, and shall reimburse the Plaintiffs for any property taxes paid on this parcel by Plaintiffs, provided that paid receipts for such payment are produced to counsel for said Defendants verifying such payment, within 30 days of the date of this judgment.

Wherever title to a parcel is, by this judgment, awarded to more than a single party, such title shall be considered to create a tenancy in common and not a joint tenancy.

All parties to this action to whom title to the aforesaid parcels is awarded, shall provide reciprocal perpetual easements of access from the adjacent parcels hereby awarded to any party to this action that joins in the stipulation for this consent judgment ("Benefitted Parcels"), to the closest public road and to any sand beach or beaches within such parcels. This reciprocal grant of

11

easements shall not require a property owner to construct roads nor shall it entitle the beneficiary of such an easement to construct a road on adjacent property, without the landowner's consent. However, to the extent that a property owner constructs roads or creates recorded rights of way for sub-division purposes or otherwise within a parcel subject to this judgment, it shall allow the other parties to this action with parcels enumerated in this judgment requiring access thereover to reach a public road, the right of non-exclusive use of such roads. In addition, it shall authorize a party to interconnect to existing roads constructed before or after this judgment on parcels subject to this judgment, provided that the costs of such interconnection are paid by the beneficiary, and the location of such interconnection is reasonable. From the date of any such interconnection, the owner of the Benefitted Parcel shall be responsible to share on a pro rata basis the cost of maintenance and repair of such roads thereafter. The party to which ownership of a parcel of land is awarded by this judgment shall designate the location of the easement of access over such parcel ("Burdened Parcel"), which shall be in reasonable locations and shall provide access to the owners of the Benefitted Parcel or Parcels to both the nearest public road or roads, and to any sand beach or sand beaches within such Burdened Parcel for recreation, boating, fishing, and similar customary uses, in favor of the Benefitted Parcels which are awarded to any party to this action which join in this consent judgment. In the event the owner of the Burdened Parcel fails to designate a reasonable location for

12

the required easements herein prescribed within one year from the date of this judgment, the owner of the Benefitted Parcel or Parcels shall be entitled to designate a reasonable location therefore over the Burdened Parcel and to use the same as though consent had been granted by the owner of the Burdened Parcel.

All property awarded by this judgment to Irvin Sewer for the Heirs of Martin Sewer shall be subject to a lien in favor of Irvin Sewer, individually, the descendant of Martin Sewer who represented and protected the interests of all heirs of Martin Sewer in this proceeding. This lien shall secure payment to Irvin Sewer of reasonable compensation on an hourly basis, or equivalent, for his services including historical and scholarly research into the relevant land and related records in this matter, for all time devoted to the preparation and presentation of the claims for the benefit of the Heirs of Martin Sewer in this action, as well as reimbursement for expenses incurred in this action.

All property awarded by this judgment to the Heirs of Martin Sewer shall also be subject to a lien, paramount to all others, in favor of Maria Tankenson Hodge and Nancy D'Anna, for all unpaid legal services rendered in this action to represent and protect the interests of the heirs of Martin Sewer. The amount of the lien for legal services shall be fixed by the court upon submission of an attorney's certificate, and shall include full compensation for all time devoted to the action.

All property awarded by this judgment to the Heirs of Amos Sullivan shall be subject to a lien in favor of Egbert George, the

13

descendant of Amos Sullivan who represented and protected the interests of all heirs of Amos Sullivan Sewer in this proceeding. This lien shall secure payment to Egbert George of reasonable compensation on an hourly basis, or equivalent, for his services including historical and scholarly research into the relevant land and related records in this matter, for all time devoted to the preparation and presentation of the claims for the benefit of the Heirs of Amos Sullivan in this action, as well as reimbursement for expenses incurred in this action.

All property awarded by this judgment to the Heirs of Amos Sullivan shall also be subject to a lien, paramount to all others, in favor of Desmond Maynard, for all unpaid legal services rendered in this action to represent and protect the interests of the heirs of Amos Sullivan. The amount of the lien for legal services shall be fixed by the court upon submission of an attorney's certificate, and shall include full compensation for all time devoted to the action.

All property awarded by this judgment to the Wilmar Corporation shall be subject to a lien, paramount to all others, in favor of Maria Tankenson Hodge, for all unpaid legal services rendered in this action to represent and protect the interests of the Wilmar Corporation. The amount of the lien for legal services shall be fixed by the court upon submission of an attorney's certificate, and shall include full compensation for all time devoted to the action and all costs and expenses incurred in connection herewith.

14

All property awarded by this judgment to the Plaintiffs shall be subject to a lien in favor of Alvis Christian, a descendant of James Sewer, who represented and protected the interests of all heirs of James Sewer in this proceeding. This lien shall secure payment to Alvis Christian of reasonable compensation on an hourly basis, or equivalent, for his services including historical and scholarly research into the relevant land and related records in this matter, for all time devoted to the preparation and presentation of the claims for the benefit of the Heirs of James Sewer in this action, as well as reimbursement for expenses incurred in this action.

All property awarded by this judgment to the Plaintiffs shall be subject to a lien, paramount to all others, in favor of Karl Percell, Kwame Motilewa, Wayne Chinnery, and Lolita D'Jns de Paiewonsky for the firm of Hodge & Sheen, for all unpaid legal services rendered in this action to represent and protect the interests of the Plaintiffs. The amount of the lien for legal services shall be fixed by the court upon submission of an attorney's certificate, and shall include full compensation for all time devoted to the action and all costs and expenses incurred in connection therewith.

It is a condition of the awards set forth in this judgment that all persons who are or may be heirs of the Plaintiff Estates, who would also be or purport to be heirs of the Estate of Bernard Williams or heirs of the estate of Martin Sewer, shall be deemed to have waived any right to share in either of those estates, provided

15

that Plaintiffs' counsel has represented to the court that he does not represent such heirs and he has not represented that he has obtained their waiver. It is a further condition of the awards set forth in this judgment that all persons who are heirs of the Estate of Bernard Williams or of Martin Sewer, together with the Sullivans, who would also be or purport to be heirs of the Estate of Bernard Williams, or theirs of Martin Sewer, shall be deemed to have waived any right to share in any of the Plaintiffs estates.

The Department of Planning and Natural Resources is directed to accept for recording all surveys created pursuant to this judgment, as in furtherance of the orders of the court, and all such surveys shall be duly conferred DPNR map numbers for purposes of recording and future conveyances, as legal partitions and not as sub-divisions of such parcels. Any survey submitted to the Department of Planning and Natural Resources for filing pursuant to this judgment shall be accompanied by the certificate of counsel for each party whose approval of such survey is required under this judgment, certifying that such survey has been approved by the requisite parties.

Notwithstanding anything contained in this judgment to the contrary, the counter-claims of defendant Newfound Management Corporation, General Partner of Newfound Limited Partnership ("Newfound"), to wit, the claim of interest in or disputes regarding ownership, boundaries or location of 7A Hansen Bay and 6P Hansen Bay, as well as the claims of defendants Irvin Sewer for the heirs of Martin Sewer and Cedric Lewis for the heirs of Adelaide

16

Williams and Bernard Williams, regarding Newfound's claims to or concerning such parcels, are hereby severed for separate trial or disposition.   All such claims are hereby consolidated with the pending action between the same parties in this court under the caption Newfound Corporation v. Irvin Sewer, et al, Civil No. 91-315, District Court of the Virgin Islands, Division of St. Thomas and St. John.

All parties to this action shall execute any documents or stipulations necessary to carry out the effect hereof. Except as expressly set forth in this judgment, all claims by the parties hereto are dismissed with prejudice. All parties shall bear their own costs and attorney's fees.   To Court will maintain continuing jurisdiction to enforce the terms of this judgment.

SO ORDERED this 2e day of _____, 1994.

                                Stanley S. Brotman, Senior Judge
                                United States District Court
                                Sitting by designation

ATTEST:

ORINN F. ARNOLD
Clerk of the Court

By _____
        Deputy Clerk

cc:  Kwame O. Motilewa, Esq.
     Karl R. Percell, Esq.
     Maria Tankenson Hodge, Esq.

                            17

Nancy D'Anna, Esq.
Mario Bryan, Esq.
Desmond Maynard, Esq.
Lolita de Jones de Paiewonsky, Esq.
Jewel Cooper, Esq.
Clair Carlson, Esq.

18